UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**FILED**
98 NOV 12 PM 2:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

MARTHA WILDMAN, )
    Plaintiff, )
vs. ) Civil Action No. CV-98-S-0931-NE
CHET ELLIS, )
    Defendant. )

ENTERED
NOV 12 1998

## MEMORANDUM OPINION

This action presently is before the court on plaintiff's motion to reconsider this court's order granting plaintiff's motion for voluntary dismissal of her claim alleged under 42 U.S.C. § 3604 of the Fair Housing Act of 1968, 42 U.S.C. 3601 et seq., and dismissing sua sponte plaintiff's accompanying claim bottomed upon 42 U.S.C. § 3617 of that Act. (Order entered Oct. 15, 1998, Doc. No. 17.) Plaintiff, Martha Wildman, requests that this court vacate its Order of October 15, 1998, and reinstate her § 3617 claim and her supplemental state law claims,[1] or grant oral argument on the issue. Upon consideration of the pleadings, motions, prior orders of this court, and independent research, the court concludes it would not be aided by oral argument;

---

[1] The court, after dismissing the sole claims alleged under federal law, declined to exercise supplemental jurisdiction over the remaining claims alleged under state law. (See Order entered October 15, 1998, at 2-3.)



accordingly, Wildman's request, to this extent, is due to be denied. Now the court will proceed to the merits of Wildman's initial request.

## DISCUSSION

Martha Wildman correctly restates this court's reasoning for dismissing her § 3617 claim: "To seek relief under § 3617, plaintiff must establish that she otherwise is protected by the act, i.e., by § 3603, § 3604, § 3605, or § 3606." (See plaintiff's motion to reconsider, at 1-2.) Wildman states incorrectly, however, "that such a ruling is in error." (Id. at 2.)

Wildman admits Ellis fits an exemption in § 3603(b) of the Fair Housing Act.[2] (See plaintiff's motion to reconsider, at 4.) This exemption notwithstanding, Wildman argues she can bring a separate action under § 3617 without the need of § 3604 as a predicate, i.e., without § 3604 as a basis for the exercise or enjoyment of rights. Specifically, plaintiff contends, "just because the defendant is exempt from liability under the Act **does not** mean that the defendant did not violate the Act or, more

---

[2] The portion of § 3603(b) that exempts Ellis reads as follows:

> Nothing in section 3604 of this title ... shall apply to--
>
> (1) any single-family house sold or rented by an owner: Provided, That such private individual owner does not own more than three such single-family houses at any one-time ....

(See Order entered June 19, 1998, Doc. No. 7.)

importantly, did not interfere with the plaintiff's exercise or enjoyment of the right to peaceful living free from sexual harassment." (*See* plaintiff's motion to reconsider, at 4 (emphasis in original).) Similarly, the plaintiff argues that, at this stage, she "would only have to prove that she attempted to exercise or enjoy her right to live free from harassment." (*Id.* at 5.)

### A. The Statutory Provisions

Martha Wildman seeks to prosecute a claim under § 3617, which reads as follows:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person <u>in the exercise or enjoyment of</u>, or <u>on account of his having exercised or enjoyed</u>, or on account of his having aided or encouraged any other person <u>in the exercise or enjoyment of</u>, any <u>right granted or protected by section 3603, 3604, 3605, or 3606</u> of this title.

42 U.S.C. § 3617 (emphasis supplied). Of the sections listed in § 3617, the only section in any way relevant to the alleged conduct of defendant, Chet Ellis, is § 3604.[3] Section 3603(b), however,

---

[3] The relevant portions of 42 U.S.C. § 3604 provide as follows:

**§ 3604. Discrimination in the sale or rental of housing and other prohibited practices**

As shall be made applicable by section 3603 of this title and <u>except as exempted by sections 3603(b)</u> and 3607 of this title, it shall be unlawful—
  . . .
(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race,

3

provides certain exemptions to § 3604. The exemption found in § 3603(b)(1) covers Ellis. (*See* plaintiff's motion to reconsider, at 4; *see also* Order entered June 19, 1998, Doc. No. 7.) It was for this reason Wildman moved for voluntary dismissal of her claim alleged under § 3604. (*Compare id.*, *with* Response to show cause order, Doc. No. 9, and Plaintiff's motion to dismiss certain claims, Doc. No. 14.)

### B. The Landscape Of Interpretation

The provisions of the Fair Housing Act are to be construed broadly. *See Trafficante v. Metropolitan Life Ins. Co.*, 409 U.S. 205, 212, 93 S.Ct. 364, 368, 34 L.Ed.2d 415 (1972). Indeed, although some courts have noted and sidestepped the issue, *see, e.g., Michigan Protection and Advocacy Service, Inc. v. Babin*, 18 F.3d 337, 346-47 n.4 (6th Cir. 1993); *Metropolitan Housing Development Corp. v. Arlington Heights*, 558 F.2d 1283, 1288 n.5 (7th Cir. 1977), other district courts have found that § 3617 can serve as a basis for a claim separate from and independent of any of the provisions listed in § 3617. *See, e.g., Ohana v. 180 Prospect Place Realty Corp*, 996 F. Supp. 238, 241-43 (E.D.N.Y.

---

color, religion, sex, familial status, or national origin.
(Emphasis supplied.)

4

1998) (collecting cases); *Stackhouse v. DeSitter*, 620 F. Supp. 208, 211 (N.D. Ill. 1985). The factor crucial to the instant case, however, is that most, if not all of these courts have allowed the separate claim only when the plaintiff was protected by one of the other provisions in the Act.[4]

The court in *Stackhouse* first recognized that it was unsettled "whether § 3617 could be violated by conduct which does not also violate one of the other enumerated sections." 620 F. Supp. at 210. The court went on to hold that such independent actions must lie, because a contrary interpretation would render that section superfluous. *Id.* Explaining its result, the court said the statutory language indicates a violation of § 3617 will often, but not always, involve a violation of §§ 3603-3606. The court expounded thusly:

> Section § 3617 makes it 'unlawful to coerce, intimidate, threaten, or interfere with any person' in three distinct circumstances: (1) in the exercise or enjoyment of any

---

[4] In its search, this court could find no Eleventh Circuit opinion squarely addressing the issue at bar. The court notes, however, that the opinion in *Nasser v. City of Homewood*, 671 F.2d 432, 438 (11th Cir. 1982), brushes upon the issue. Refusing to find an independent claim under § 3617 for plaintiffs, the court said: "there is no allegation of interference with the plaintiffs' <u>rights</u> or that they have aided or encouraged any other person in the exercise or enjoyment of <u>any right protected by the Act</u>. Consequently, this avenue is closed to the plaintiffs." (Emphasis supplied.) *Nasser* suggests that in a claim under § 3617, the Eleventh Circuit demands a plaintiff be protected by a provision of the Fair Housing Act separate from § 3617.

5

>   right protected by §§ 3603-3606; (2) on account of the
>   person's having exercised or enjoyed such a right; and
>   (3) on account of his having aided or encouraged any
>   other person in the exercise or enjoyment of such a
>   right.

*Id.* at 210-11.

In *Stackhouse*, the plaintiff was an African-American and his claim fell under the second set of circumstances. He and his family had "exercised their right," in a theretofore all-white neighborhood, to rent an apartment free from racial discrimination, "<u>as protected by § 3604</u>." *Id.* at 211 (emphasis supplied).

The court in *Ohana* relied heavily on the analysis in *Stackhouse* and on 24 C.F.R. § 100.400(c)(2) to find a cognizable claim under § 3617. 996 F. Supp. at 242-43. The cited portion of the Code of Federal Regulations lists conduct made unlawful under the Fair Housing Act and includes "[t]hreatening, intimidating or interfering with persons in their enjoyment of a dwelling because of the race, color, religion, sex, handicap, familial status, or national origin." This section of the regulations makes no mention of any exemption provided in the Act.

In *Ohana*, the court found plaintiffs, "having already exercised their rights to fair housing," alleged a cognizable claim under § 3617 against their neighbors, for allegedly interfering

6

with the enjoyment of those rights because of plaintiffs' protected status. *Id.* at 243. It is unclear whether the court intended the reference to the rights plaintiffs had already exercised as rights protected under the Act, or as rights plaintiffs acquired simply by renting an apartment. This court assumes the former was intended, *i.e.*, plaintiffs were otherwise protected by the Act. After all, plaintiffs rented an apartment in a multi-unit establishment, and rented from a realty corporation. These facts suggest no exemption in the Act applied.

Nevertheless, the Second Circuit in *Frazier v. Rominger*, 27 F.3d 828, 834 (2d Cir. 1994), described the protections of § 3617 as follows: "Section § 3617 prohibits the interference with the exercise of Fair Housing rights <u>only as enumerated in the[] referenced sections</u>, which define the substantive violations of the Act." The court listed the provisions and their respective protections, but found the defendant's alleged conduct did not implicate any of those provisions. The court concluded: "Thus, the alleged § 3617 'interference' in this case is without a predicate." *Id.*

7

In the instant case, however, the question remains whether the Act granted plaintiff any rights in the first place—rights whose exercise she could then allege defendant interfered with.

C.  **This Court's Analysis**

   1.  **Interpretation of the Fair Housing Act**

The court is aware of the generous interpretation to which the Act is entitled, see *Trafficante*, 409 U.S. at 212, 93 S.Ct. at 368, and the deference to which the regulations promulgated by the Department of Housing and Urban Development are entitled,[5] *id.* at 210, 93 S.Ct. at 367.  Nevertheless, this court finds the conclusion that the Act grants no rights to one in plaintiff's position inescapable.  The court need not and, accordingly, does not pass on the question of whether an independent claim under § 3617 is cognizable.[6]  Nevertheless, this court will borrow the reasoning of courts that found such an action can lie, *i.e.*, that

---

[5] Although the court's skepticism plays no part in the resolution of this motion, the court notes that 24 C.F.R. § 100.400 disregards express exemptions of the Act. The court agrees with the statements in that section of the regulations which identify what conduct is unlawful, but questions under what conditions such conduct is prohibited by the Act, *i.e.*, when performed by whom or directed towards whom. If the regulations imply such conduct is prohibited absolutely, this court respectfully disagrees. The Department of Housing and Urban Development may disregard the express exemptions of § 3603, but this court will not.

[6] Demanding the plaintiff have some underlying protection under another section of the Act does not preclude a finding that an independent action under § 3617 is cognizable. *See, e.g., Stackhouse*, 620 F. Supp. at 210, 211.

8

its finding is compelled by the fact that a different finding would render a provision of the Act meaningless.

Assuming an independent cause of action under § 3617 is cognizable, much of the conduct prohibited by this section would also be prohibited by § 3604. See, e.g., Stackhouse, 620 F. Supp. at 210, 211; see also Evans v. Tubbe, 657 F.2d 661, at 663 (5th Cir. Sept. 15, 1981)[7] ("The defendant Tubbe's alleged conduct is arguably within the prohibitions of both §§ 3604(a) and 3617."). These provisions would have similar application, but the scope of § 3617 would likely be broader. See generally Stackhouse, 620 F. Supp. at 210, 211 (describing classes of prohibitions under § 3617 and mentioning likelihood of overlap with § 3604 in only one of those classes). Thus, finding § 3617 to grant certain rights to those or to prohibit conduct of certain others, which § 3603 expressly exempts from the application of § 3604, would license circumvention of the exemptions and render § 3603(b) meaningless. Stated differently, if § 3603 applied only to actions under § 3604 and did not offer exemption from any independent action under § 3617, the express exemptions of § 3603(b) would be meaningless.

---

[7] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

Moreover, both §§ 3604 and 3617 reference § 3603. Accordingly, portions of these sections, too, would be rendered meaningless by such a finding.

Although the interpretation of § 3617 should be generous, and the § 3603(b) exemptions leave people in Wildman's position unprotected by the Act,[8] this court refuses to read § 3603(b) out of the statute. *See United States v. Menasche*, 348 U.S. 528, 538-39, 75 S.Ct. 513, 520, 99 L.Ed. 615 (1955) ("The cardinal principle of statutory construction is to save and not to destroy[;] ... [i]t is our duty to give effect, if possible, to every clause and word of a statute") (internal quotation marks and citations omitted).

### 2. Application to plaintiff

As discussed in cases Wildman relies upon, *Ohana* and *Stackhouse*, § 3617 "makes it 'unlawful to coerce, intimidate, threaten, or interfere with any person' in <u>three distinct circumstances</u>." *Stackhouse*, 620 F. Supp. at 210. Also similar to these cases, Wildman's claim implicates only the first set of circumstances: the exercise or enjoyment of any right protected by §§ 3603-3606. *Id.* at 211. Moreover, as Wildman's prior claim bottomed upon § 3604 and the portion of the regulations she cites

---

[8] The court notes that the exemptions, of course, do not foreclose relief available to plaintiff under state law.

10

demonstrate (see plaintiff's motion to reconsider, at 3), the alleged conduct of Ellis could have violated rights specifically granted or protected only under § 3604. The rub lies, however, in the fact that Wildman is not protected by that section, because § 3603(b) expressly exempts from § 3604's protection, anyone renting the type of dwelling Wildman rents, and anyone renting from a person in the position of Ellis, from whom she rents.[9]

Section 3617 demands some underlying statutory protection as a predicate for the prohibited coercion, intimidation, threat, or interference. In other words, the plaintiff must have some right or protection under a provision of the Act independent of § 3617 which the plaintiff could, inter alia, exercise or enjoy. Moreover, § 3617 itself demands this underlying protection be found in one of the sections listed: §§ 3603, 3604, 3605, or 3606. As discussed above, Wildman has no such protection under any of these sections. Although Wildman argues that, at this stage, she "would only have to prove that she attempted to exercise or enjoy her right to live free from harassment" (see plaintiff's motion to reconsider, at 5), if any section of the Act listed in § 3617

---

[9] See supra note 2 and accompanying text and citations therein.

grants such a right, § 3603(b) precludes such section from granting that right to Wildman.[10]

In accordance with the greater weight of persuasive authority, this court finds § 3617 does not independently grant a right to a person in Wildman's position. Thus, Wildman could not have exercised or enjoyed any right that can serve as the predicate necessary for an independent action under § 3617, if such a claim is cognizable.

### CONCLUSION

For the foregoing reasons, plaintiff's motion is due to be denied. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this __12th__ day of November, 1998.

_____
United States District Judge

---

[10] If Wildman contends she is granted that right from some other source, § 3617 does not address that right, as this section is expressly limited to the listed, "substantive" provisions of the Fair Housing Act. *See Frazier v. Rominger*, 27 F.3d at 834.

12